**BRUCKMANN v BRUCKMANN CO.**

Common Pleas Court, Hamilton County

Decided June 14, 1938.

Moulinier, Bettman & Hunt, Cincinnati, for plaintiff.

Peck, Shaffer & Williams, Cincinnati, tor defendant.

**OPINION**

By SCHWAB, J.

This matter is before the court upon a demurrer of the defendant to the amended petition of the plaintiff upon the ground that the facts stated in the petition are not sufficient to constitute a cause of action. The amended petition is an action for a declaratory judgment, wherein the plaintiff maintains that he is the owner of 389 shares of the common stock of the defendant, The Bruckmann Company, which is a corporation organized under the laws of the state of Ohio, with its place of business located in Cincinnati.

Plaintiff sets forth that since the filing of his original petition herein, wherein he

stated that he was the owner of 445 shares of the common stock of the defendant company, he has disposed of 56 shares of such common stock.

He further maintains that on December 11, 1936, the defendant mailed to the plaintiff a notice of a special meeting of the stockholders of the defendant company, to be held at the office of the company on December 21, 1936, for the purpose of considering and acting upon amending the articles of incorporation, so as to provide for the authorization and issuance of $50 par value preferred stock.

Plaintiff further maintains that he was present at the meeting and after inquiry, the president of the company, who presided at the meeting of shareholders, stated he wished to reorganize and amend its articles of incorporation, so as to provide for the issuance of $300,000 of preferred stock. This was the first notice the plaintiff had of the real intention of the defendant company; that thereafter a resolution was offered and seconded that the articles of incorporation of the company be amended so as to provide for the issuance of $300,000 of preferred stock of the company, which said stock was to be 5% cumulative, of the par value of $50 per share, preferred as to dividend and as to assets upon liquidation or dissolution of the corporation, and callable at any dividend payment date of $52 and accrued dividends.

Upon roll call upon said resolution the plaintiff dissented to the contemplated action and voted "no" on this resolution. Thirty-one other shares voted "no" on this resolution and all other shares, constituting more than a majority, the actual number of which is unknown to the plaintiff, voted affirmatively on the resolution, which resolution was declared adopted by the chairman of the meeting; that on the same date the defendant company, through its president and secretary, sent a certificate containing a copy of the resolution adopting such amendment and a statement of the manner of the adoption of such resolution, to the office of the secretary of state for filing therein, and thereupon the secretary of state of Ohio recorded said certificate of amendment of the articles of incorporation in Volume 445, page 56, of the records of incorporation in the office of the secretary of state.

Plaintiff further maintains that up to the time of the amendment of the articles of incorporation as aforesaid there was only one class of shares of stock in the defendant company.

Plaintiff further says that in accordance with the provisions of the General Corporation Act, plaintiff, on January 5, 1937, objected in writing to the action so taken by the defendant company at the special meeting of shareholders as above set forth, and thereafter demanded in writing payment to him of the fair cash value of the shares of stock owned by him, and stated in writing that he held only one class of shares of stock, giving the number of shares as 445, and stating that such shares were of common stock and of no other kind.

Plaintiff further demanded on January 5, 1937, that the defendant company pay to him $250 per share, or the sum of $111,-250 for the 445 shares of stock owned by him.

Plaintiff further maintains that the defendant has not abandoned its purpose to reorganize the capitalization of the defendant company, nor have the shareholders revoked the authority of the defendant to reorganize or amend its articles of incorporation, and that the articles of incorporation now provide for $300,000 of preferred stock, as above set forth, and $350,-000 of common stock; that the defendant is now engaged in collecting or has already collected a large sum of money, the exact amount of which is unknown to the plaintiff, as payments on and for some of the $300,000 of preferred stock provided for in the amendment.

Defendant, within ten days from the letter of January 5, 1937, written by the plaintiff to the defendant, notified the plaintiff in writing that it would not pay such demanded amount, and did not then, nor has it at any time thereafter offered to pay any amount to plaintiff as and for the fair cash value of said stock.

Plaintiff further maintains that he has at all times since December 21, 1936, been ready, able and willing to surrender to the defendant certificates showing the plaintiff's ownership of 389 shares of common stock of the defendant company upon payment by the defendant of $250 per share, amounting to $97,250, the amount demanded for said shares, less the value of the fifty-six shares disposed of by plaintiff between the time of the filing of the original petition and this date, or any other amount that should be determined as the fair cash value of the shares under the provisions of the General Corporation Act.

Wherefore, the plaintiff prays that this court may grant a declaratory judgment and decree finding and holding that the

plaintiff, under the provisions of the General Corporation Act, is entitled to the sum of $97,250, together with interest thereon from December 21, 1936, and to such other and further relief as may be equitable and proper in the premises.

It is the contention of the defendant on the demurrer to the petition that the notice of the meeting of the shareholders of the defendant company was sent to the plaintiff pursuant to the provisions of §8623-44 of the Corporation Act.

Defendant further maintains that the articles of incorporation of the defendant company were amended under **Sub G** of §8623-14, **GC** which authorizes a corporation to amend its articles of incorporation "to create a new class or classes of stock."

The defendant further maintains that the plaintiff is not entitled to the relief granted to dissenting stockholders under the provisions of the General Corporation Act, and that a dissenting stockholder is not entitled to a declaratory judgment upon the ground that the corporation may at any time prior to the hearing on this petition defeat plaintiff's rights by rescinding its amendment to the articles of incorporation.

It is the contention of the plaintiff that the notice of the special meeting of the stockholders was not properly given and that the plaintiff is entitled to the relief set forth in §8623-72, GC, and that under the provisious of §12102-1 to 12102-16 the plaintiff is entitled to the relief of a declaratory judgment.

Taking up first the question of the notice, it will be observed from a reading of §8623-44, **GC** that the notice shall state the purpose or purposes for which the meeting is called and the time when and the place where it is to be held. The notice as set forth in plaintiff's amended petition reads as follows:

"On December 11, 1936, the defendant mailed to plaintiff a notice of a special meeting of the stockholders of the defendant company to be held at the office of the company on December 31, 1936, for the purpose of considering and acting upon amending the articles of incorporation, so as to provide for the authorization and issuance of Fifty ($50) Dollars par value preferred stock."

It will be observed that the time when this meeting was to be held is specifically set forth, and likewise, the place at which the meeting was to be held is specifically set forth, so that the only question for the determination of the court is whether or not the purpose of the meeting is sufficiently set forth.

The text in Paragraph 1370, 14 Corpus Juris, page 892, reads as follows:

"The statement of the purpose of the meeting must be sufficient to call the attention of the stockholders to the particular subjects intended to be brought before them. The rules as to the necessity of specifying the purpose of a special meeting of stockholders are more strict than those applicable to directors' meetings. Technical objections to the notice, however, will not be sustained where it is substantially sufficient. An error in the statement of the purpose of the meeting which is not misleading may be disregarded."

Examining this notice carefully the court reaches the conclusion that the stockholders were advised of the time and place of the special meeting and that the purpose of the meeting was to consider and to act upon an amendment to the articles of incorporation for the authorization and issuance of $50 par value preferred stock. The amount of such preferred stock was properly left to the discretion of the shareholders at the meeting in question.

The court is therefore of the opinion that the purpose of the meeting was clearly stated and that the notice conforms to the requirements of §8623-44, **GC**.

Sec 8623-14, sub G, authorizes the amendment to the articles of incorporation by the creation of a new class or classes of shares.

Sec 8623-72, insofar as it relates to the question involved in this petition, reads as follows:

"Unless the articles otherwise provide, any dissenting stockholder, who shall not have voted in favor of the proposals herein mentioned and by the provisions of any section of this act, is entitled to relief when the articles of the corporation have been amended, or when all or substantially all of the property and assets of the corporation have been authorized to be sold, leased, exchanged, or otherwise disposed of, or when a consolidation or reorganization of the corporation has been authorized, shall be paid the fair cash value of his shares as of the day before the vote was taken authorizing any such action, excluding

from such cash value any appreciation or depreciation in consequence of the consolidation or other matter which entitled him to such relief, if such shareholder within twenty days after the day on which the vote was taken shall object in writing to the action so taken and shall demand in writing the payment of such fair cash value of his shares. Such payment shall be made within thirty days after such fair cash value is agreed upon or determined. If a person is the holder of more than one class of shares he shall be entitled to relief only in respect of the class of shares in respect to which relief is provided by this act."

Sec 8623-15, which is the section of the General Corporation Act setting forth the proceedings to amend articles of incorporation, insofar as it relates to the discussion at hand, in part provides as follows:

"If the purpose of the amendment is (a) to change the express terms and provisions of any outstanding shares having preference in dividend, redemption price or liquidation price over any other class of shares, or (b) substantially to change the purpose or purposes of a corporation, then in any such case, dissenting holders of shares of the class the express terms and provisions of which are so changed, if substantially prejudiced by such amendment, unless the articles otherwise provide or permit such amendment or change, or, in case of such change of purpose or purposes, dissenting shareholders of any class, shall, if substantially prejudiced thereby, be entitled to relief under the conditions and in the manner hereinafter in this act provided.

"Upon the adoption of any amendment, a certificate containing a copy of the resolution adopting such amendment and a statement of the manner of the adoption of such resolution shall be filed in the office of the secretary of state, and thereupon the articles shall be deemed amended according to such resolution and any change of shares provided for therein shall become effective."

Under the provisions of the two sections above quoted the plaintiff is entitled to the relief prayed for, if the allegations of his petition bring the case within such provisions.

The court is of the opinion that the amendments to the articles of incorporation of the defendant company as set forth in the plaintiff's amended petition does not change the express terms and provisions of any outstanding shares having preference in dividend, redemption price or liquidation price over any other class of shares, nor does the amendment substantially change the purpose or purposes of the corporation. Accordingly the court finds that the plaintiff is not entitled to the relief provided for dissenting shareholders as set forth in §8623-72, GC.

Accordingly the demurrer to the amended petition will be sustained.